Austin *v.* Parker.

---

## ASAPH RICE *et al.*, Petitioners, *versus* THE COMMISSIONERS OF HIGHWAYS OF MIDDLESEX.

Upon an application for a mandamus to commissioners of highways, commanding them to construct and finish a highway, alleged to have been insufficiently made but which the commissioners had already accepted as completed, it was *held*, that a mandamus would not lie, the question of the sufficiency of the construction of the road being submitted by law to the judgment of the commissioners.

THE petitioners represent, that on the 2d of October 1827, the commissioners of highways laid out a highway partly in Sudbury and partly in East Sudbury, but that they have neg-.ected to cause it to be constructed and finished in such manner as will best promote the public interest, and have left it altogether out of repair, miry, foundrous, ruinous, and unsafe for all persons having occasion to travel, pass and repass upon the same ; wherefore the petitioners pray this Court to grant a rule upon the commissioners, to show cause why a writ of

mandamus should not issue, commanding them to construct and finish the way in such manner as will best promote the public interest.

This petition was presented at October term 1831, and a notice was served upon the commissioners.

It appears from the papers in the case, that the way was laid out on the 2d of October 1827, and that a return of the doings of the commissioners was made at the next term of the Court of Sessions, in January 1828, and was recorded. Eighteen months from October 2, 1827, were allowed for constructing the way, and at the term of the county commissioners held in January 1831, the commissioners of highways made a re turn, dated September 15, 1829, that the way had been worked and completed to their acceptance ; and this return was recorded.

It further appears, that an indictment against the inhabitants of East Sudbury, for a nuisance in not keeping the way in repair, was tried in the Common Pleas, at September term 1830, before *Williams* J., when a special verdict was returned, find-ing that the commissioners of highways did not cause the way to be sufficiently made and constructed in such manner as best to promote the public interest, as by the statute is required, but the manner in which it was made by their direction was wholly insufficient ; and that the way was out of repair ; but whether, upon the whole matter found, the inhabitants of East Sudbury were guilty or not, the jury prayed the advice of the Court ; and the Court determined that they were not guilty.

At September term 1831, of the Common Pleas, the inhabitants of East Sudbury were tried before *Strong* J., upon a similar indictment, found after the acceptance of the way had been returned and recorded, and they were again acquitted.

*Hoar* and *Stearns*, for the petitioners, referred to *St.* 1825, c. 171, § 4 ; *St.* 1827, c. 77, § 1. After the judgment in favor of the town of East Sudbury on the first indictment, the certificate of the acceptance of the way was filed and recorded, and another indictment was found ; but upon the trial, the Court of Common Pleas held that filing the acceptance made no difference, and the town was again acquitted. The commissioners were deceived by the persons who contracted to

make the road. The decree of acceptance was passed without notice to the town of East Sudbury. The town therefore is not obliged to finish the road and keep it in repair, and the only remedy for the public is an application to this Court for a mandamus to the commissioners.

*A. Peabody*, for the respondents, contended that the acceptance of the road as properly constructed, was a matter entirely within the discretion of the commissioners, and therefore a mandamus would not lie. *Ex parte Nelson*, 1 Cowen, 423 ; *The People* v. *Brooklyn*, 1 Wendell, 318 ; *Matter of Shipley*, 10 Johns. R. 484 ; *Rex* v. *Abp. of Canterbury*, 8 East, 219 ; *Ex parte Bailey*, 2 Cowen, 479 ; *The People* v. *Columbia C. P.* 1 Wendell, 299 ; *Commonwealth* v. *Cochrane*, 5 Binn. 87 ; *Commonwealth* v. *County Commissioners*, ibid. 536 ; *The People* v. *Supervisors of Albany*, 12 Johns. R. 414 ; *Hull* v. *Supervisors of Oneida*, 19 Johns. R 259 ; *Springfield* v. *Hampden Commis. Highways*, 4 Pick. 68. It appears that the acceptance was in September 1829, but that the return of it was not made until January 1831. The statute however prescribes no time for making such return.

PUTNAM J. delivered the opinion of the Court. The question is, whether a rule should go, for the commissioners to show cause why a mandamus should not issue, commanding them to construct the road.

This process lies to compel courts of inferior jurisdiction to do what appertains to their duty. If such a court has jurisdiction of the subject matter and refuses to exercise it, this Court would be obliged by law to issue the writ, to the end that justice should be done. But if it proceeds to exercise its discretion according to the authority given to it by law, in regard to the matter under its cognizance, we think that this Court cannot lawfully interfere to control or govern that discretion. *Hull* v. *Supervisors of Oneida*, 19 Johns. R. 259. If, in the execution of its duty, such inferior tribunal should mistake in any matter of law, this Court would be bound to correct the proceeding. For example, if it had refused to act, because it supposed it had not, when in fact it had, jurisdiction, this Court would grant a mandamus to proceed. *Rex* v. *Carter*, 4 T. R. 246 ; Com. Dig *Mandamus*, *A.* But such a writ would not

be granted in any matter purely discretionary, and manifestly intended to be finally decided by the court below. *Rex* v. *County of Oxford*, 13 East, 410. As if the court below has an election to do one of two things, this Court could not legally command it to do one and not the other, because such order would interfere with the right of the court below to do the other thing if it should deem it expedient. *Anon.* 1 Str. 552 ; *Usher's case*, 5 Mod. 453 ; 2 T. R. 338, note ; *Rex* ⅴ *Church Wardens of Weobly*, 2 Str. 1259.

Now the *St.* 1825, *c.* 171, § 4, authorizes the commissioners " to cause all roads located by them, to be constructed and finished to the acceptance of the said commissioners, in such manner as will best promote the public interest." We think that their acceptance is conclusive evidence upon the subject, and that the legislature did not intend that this Court should controvert or draw into question the correctness of the opinion which the commissioners should make, as to the sufficiency of the construction of the road. This Court would be less able to judge of that matter than the commissioners would be. *The People* v. *The Supervisors of Albany*, 12 Johns. R. 414.*

It is argued for the petitioners, that East Sudbury was not notified or heard before the commissioners, when they accepted the way. But if that were so, it would not affect the doings of the commissioners in this matter. They, it is to be presumed, adjudged upon the view, and proper inquiry as to the sufficiency of the way ; and we are all clearly of opinion, that their acceptance must be taken to be conclusive evidence that the way was sufficiently made.

The petitioners are not to take any thing by their petition.

---

* See *Chase* v. *Blackstone Canal Co.* 10 Pick. 244.